IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ROBERT and SHARON FITZSIMMONS ) | |
| ) | Case No. 09-20179-DRD |
| Debtors. ) | Chapter 7 |
| _____) | |
| ) | |
| U.S. BANK NATIONAL ASSOCIATION, ) | Adversary No. 09-02022-DRD |
| AS TRUSTEE FOR STRUCTURED ) | |
| ASSET INVESTMENT LOAN TRUST, ) | |
| MORTGAGE PASS-THROUGH ) | |
| CERTIFICATES, SERIES 2005-3 ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| OCWEN LOAN SERVICING, LLC, ) | |
| ROBERT J. FITZSIMMONS, ) | |
| SHARON K. FITZSIMMONS, and ) | |
| JANICE A. HARDER, CHAPTER 7 TRUSTEE) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION**

This matter was commenced by the filing of a complaint by U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2005-3 ("Plaintiff") for a determination of lien validity. This complaint initiated an adversary proceeding under Rule 7001(2). This is a core proceeding under 28 U.S.C. §157(b)(2)(K) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(e)(1) and 1409(a). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the Court sustains the Plaintiff's complaint.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The facts are undisputed.[1] The real property at issue is located at 5 Stephendale Court, Rolla, Missouri (the "Property"). On or about December 21, 2004, Robert and Sharon Fitzsimmons (the "Debtors") executed a deed of trust in favor of Finance America, LLC, granting Finance America, LLC a security interest in the Property in exchange for a loan (the "Deed of Trust"). The Deed of Trust was recorded in the real property records of Phelps County, Missouri. Upon the loan's origination, Finance America, LLC assigned the servicing rights in the Deed of Trust to Ocwen Loan Servicing, LLC ("Defendant Ocwen").

Defendant Ocwen serviced the Deed of Trust from December 21, 2004, until on or about April 1, 2005, when Defendant Ocwen transferred its servicing rights of the Deed of Trust to Lehman Capital. Lehman Capital immediately sold the servicing rights and responsibilities in the Deed of Trust to JP Morgan Chase Bank, National Association ("Chase") effective on April 1, 2005. Since that time, Chase has serviced and currently services the Deed of Trust for the Plaintiff.

On or about May 29, 2007, Defendant Ocwen prepared and executed a release of the Deed of Trust. This release was recorded in the real property records of Phelps County, Missouri. At the time this release was prepared and recorded, Defendant Ocwen did not have an interest in the Deed of Trust or the authority necessary to execute the release.

On February 9, 2009, the Debtors filed a Chapter 7 bankruptcy petition. Subsequently, the Plaintiff filed a motion for relief from the automatic stay with regard to the Property, and the Court granted this motion on March 6, 2009. The Chapter 7 Trustee filed a motion to vacate the order granting relief on the ground of the Property's recorded release, and the Court vacated the order granting relief on March 20, 2009.

---

[1] Each of the facts listed in this section appear in *Stipulated Facts* [Doc. #17].

On May 18, 2009, the Plaintiff initiated an adversary proceeding by filing a complaint to determine the validity of liens on the Property.

## II. DISCUSSION AND LEGAL ANALYSIS

Section 544(a)(3) of the Bankruptcy Code confers on a trustee the power to "avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . a bona fide purchaser of real property . . . from the debtor . . . ." 11 U.S.C. §544(a)(3). However, state law governs who may be a bona fide purchaser and the rights of such a purchaser for purposes of this section. 5 *Collier on Bankruptcy* ¶544.08 at 544-15 (Lawrence P. King ed., 15th rev. ed. 2004); *In re Bridge*, 18 F.3d 195, 200 (3rd Cir. 1994) (scope of a trustee's "strong-arm powers" is governed by the substantive law of the state in which the property is located). A bona fide purchaser is defined in Missouri as "one who pays a valuable consideration, has no notice of outstanding rights of others, and who acts in good faith." *In re Gresham*, 373 B.R. 914, 921 (Bankr. W.D. Mo. 2007). As a bona fide purchaser, the trustee's status is construed to be that of a hypothetical purchaser with whatever constructive or inquiry notice state law would impute from the circumstances. *Id.*, at 922.

Most of the parties' arguments revolve around whether the Trustee had constructive notice that the Deed of Trust's release was invalid. However, that is not the deciding issue in this case even if the Trustee is a bona fide purchaser under §544. Simply put, the issue in this case is whether the filing of a release of a deed of trust by a party with no interest in the deed of trust or authority to execute the release allows the trustee, in exercising the rights of a bona fide purchaser, to sell the property free and clear of all liens.

Under Missouri law, equitable principles allowing for the reformation of a mistakenly filed release of a deed of trust generally do not apply to bona fide purchasers. *In re Whitlow*, 116 B.R.

158, 159 (Bankr. W.D. Mo. 1990) (the lien holder held two deeds of trust and mistakenly released the deed of trust on one property when the other property was sold), *citing In re Iowa-Missouri Realty Co., Inc.*, 86 B.R. 617 (Bankr. W.D. Mo. 1988); *In re Sommerville*, 334 B.R. 918 (Bankr. E.D. Mo. 2005) (the deed of trust's release was executed in error by the lien holder's servicer). In these cases, the releases were filed in error by parties with an interest in the liens or with authorization to file the releases. However, in the case at hand, neither the lien holder nor an agent of the lien holder took any action to release the Deed of Trust on the Property.

> A universal rule of equity that is recognized in Missouri provides:
>
> As between a mortgagee whose mortgage has been discharged of record solely through the act of a third person, which act was unauthorized by the mortgagee and for which he was in no way responsible, and a person who has been induced by such cancellation to believe that the mortgage has been canceled in good faith, and has dealt with the property by purchasing the title or accepting a mortgage thereon as security for a loan, the equities are balanced, and the lien of the prior mortgage, being first in order of time, is superior.

*Knickmeier v. Fleer*, 185 S.W.2d 57, 61 (Mo. Ct. App. 1945). Furthermore, Missouri courts recognize that "[t]he Supreme Court . . . has not deviated in the least from the doctrine that a release of a recorded deed of trust, by one not the owner of the note thereby secured, is void even as against subsequent purchasers for value and in good faith . . . ." *Wilkins v. Fehrenbach*, 180 S.W. 22, 24 (Mo. Ct. App. 1915) (holding that an unauthorized release of a recorded deed of trust, by someone that is not the owner of the note, is invalid between the note-holder and a subsequent good faith purchaser for value).

Here, there is no allegation that the Plaintiff or an agent of the Plaintiff was responsible for or authorized the filing of the release of the Deed of Trust. Defendant Ocwen fully admits that it prepared, executed, and recorded the release in error. Even though Defendant Ocwen serviced the

Deed of Trust between December 21, 2004, and April 1, 2005, Defendant Ocwen filed the release on May 29, 2007, without having an interest in the Deed of Trust or authorization to file the release. Therefore, the release of the Deed of Trust is void and the Plaintiff's Deed of Trust is a valid, properly perfected lien on the Property even though the Trustee had the rights and powers of a bona fide purchaser as of the date the Debtors filed their bankruptcy petition.

### III. CONCLUSION AND ORDER

In summary, while the Trustee may be a bona fide purchaser under §544, the Trustee, even as a bona fide purchaser, does not have the right to sell the Property free and clear of the Plaintiff's lien. The Court finds that the release of the Deed of Trust is void and the Plaintiff's lien on the Property is superior to the Trustee's lien. Therefore, the Court sustains the Plaintiff's complaint. This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law. The Court orders the release of Deed of Trust to be void.

/s/ Dennis R. Dow
THE HONORABLE DENNIS R. DOW
UNITED STATES BANKRUPTCY JUDGE

Date: October 29, 2009